**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

IMPERIAL RELIANCE, LLC AND
KINGS INVESTMENTS, INC., §
§
*Plaintiffs,* §
§
v. §   CIVIL ACTION NO. _____
§
HZ PROPERTIES & MARKETING, LLC §
AND HYDER K. LALANI, §   **JURY TRIAL DEMANDED**
§
*Defendants.* §

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Fed. R. Civ. P. 81(c), and N.D. Tex. Loc. Civ. R. 81.1, HZ Properties & Marketing, LLC ("HZ Properties") and Hyder K. Lalani, Defendants in the lawsuit styled *Imperial Reliance, LLC and Kings Investments, Inc. v. HZ Properties & Marketing, LLC and Hyder K. Lalani,* Cause No. DC-25-20498, in the 191st Judicial District Court of Dallas County, Texas (the "State Court Case"), hereby remove the State Court Case to the United States District Court for the Northern District of Texas, Dallas Division.

### Nature of Suit and Procedural Posture

1.      Plaintiffs initiated the State Court Case by filing an Original Petition on October 30, 2025 in Dallas County, Texas. Plaintiffs allege in the Original Petition that Defendants breached certain contracts with Plaintiffs, that Defendants tortiously interfered with certain contracts, or both.  Based on those allegations, Plaintiffs' Original Petition brought two causes of action against Defendants: breach of contract and tortious interference.  Plaintiffs' Original Petition seeks monetary damages exceeding $1,000,000, exclusive of any interest, fees, or costs.

2.      The Clerk issued citation on November 5, 2025.  On November 11, 2025, Defendants received the citation and a copy of the Original Petition.  Defendants answered with a general denial

and asserting affirmative defenses on December 1, 2025.  On December 3, 2025, Plaintiffs filed returns of service that stated service on Defendants was executed on December 1, 2025.

<u>**Grounds for Removal: Diversity of Citizenship**</u>
28  U.S.C. §§ 1332(a)(1); 1441(a)

**A.  Complete Diversity Exists.**

3.      The Original Petition states that Imperial Reliance, LLC was formed under the laws of the state of Iowa. The Original Petition states that Imperial Reliance, LLC has only one member who resides in Dallas County, Texas.  Imperial Reliance, LLC's principal place of business is in Dallas County, Texas. Based on the foregoing, Imperial Reliance, LLC's sole member is a citizen of Texas.  For purposes of removal, Imperial Reliance, LLC is a citizen of Iowa and a citizen of Texas.

4.      The Original Petition states that Kings Investment Inc. is a Delaware Corporation with its principal place of business in Dallas County, Texas. For purposes of removal, Kings Investment Inc. is a citizen of Delaware and Texas.

5.      Defendant HZ Properties & Marketing, LLC is a Georgia limited-liability company. None of its members are citizens of Iowa, Delaware, or Texas for the purposes of removal.

6.      Defendant Hyder K. Lalani is a citizen of Georgia.

7.      Because no plaintiff shares citizenship with any defendant, complete diversity exists because the State Court Case is a matter between citizens of different states.  28 U.S.C. § 1332(a)(1).

**B.  The Amount in Controversy Exceeds $75, 0000.**

8.       Plaintiffs' Original Petition states that the State Court Case seeks monetary damages that exceed $1,000,000, which is above the $75,000 threshold that must be in controversy for this Court to exercise original jurisdiction.    28 U.S.C. §§ 1332(a); 1446(c)(2).

**C.  Removal To This Court Is Proper.**

9.      Based on the foregoing, this Court has original jurisdiction over the State Court Case because the matter is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

10. Because this Court is the United States District Court and Division that embraces the place where the State Court Case is pending, Defendants' removal to this Court is proper. 28 U.S.C § 1446(a).

### Defendants Have Satisfied All Conditions Precedent
28 U.S.C. § 1446(b)

11. Defendants' Notice of Removal is timely because it has been filed within 30 days after Defendants received a copy of the Original Petition or 30 days after service of summons. 28 U.S.C. § 1446(b)(1).

12. Every Defendant who has been named or properly joined joins this Notice of Removal and / or otherwise consents to it. 28 U.S.C. § 1446(b)(2)(A).

### Notice to Adverse Parties and State Court

13. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file this Notice of Removal and its supporting exhibits with the State Court Case on its electronic docket, which will provide appropriate notice to the clerk and all parties through their counsel of record.

### Jury Trial Demanded

14. Defendants did not demand a jury trial with their answer but do so now as permitted under Federal Rule of Civil Procedure 81(c)(3)(B).

### Statement of Compliance with Federal Rule of Civil Procedure 81 and LR 81.1.

15. Pursuant to Northern District of Texas Local Rule 81.1(a)(1)-(2), Defendants are filing contemporaneously with this Notice of Removal a: (1) civil cover sheet and (2) supplemental civil cover sheet, as maybe required.

16. Pursuant to Northern District of Texas Local Rule 81.1(a)(3), contemporaneously with the filing of this Notice of Removal, Defendants are filing a Notice of Related Case. Northern District of Texas Local Rule 3.3(b)(3) defines a related case as a civil action that "to the best of the . . . removing party's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances

– arises from a common nucleus of operative fact with the case being filed or removed, regardless whether the related case is a pending case." Defendants have been sued in this Division, United States District Judge Godbey presiding, by a different plaintiff for claims based on allegations arising from the same nucleus of operative facts as the State Court Case. The related case, which is still pending, is styled: *Petroleum Distribution, LLC v. HZ Investment & Properties, LLC, HZ Properties & Marketing, LLC, N&L Real Estate Ventures, LLC, and Hyder K. Lalalni*, Case No. 3:25-cv-02110-N (filed 8/8/24) (Godbey, J., presiding).

17.    Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(A), attached to this Notice of Removal as **Attachment A** is an index of all documents that clearly identifies each document and indicates the date the document was filed in state court.

18.    Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(B), attached to this Notice of Removal as **Attachment B** is a copy of the docket sheet in the state court action.

19.    Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(C), attached to this Notice of Removal as **Attachment C** is a copy of each document filed in the state court action, except discovery material.

20.    Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(D), attached to this Notice of Removal as **Attachment D** is a separately signed certificate of interested persons that complies with Northern District of Texas Local Rule 3.1(c) or (e).

Dated: December 5, 2025                    Respectfully submitted,

**DIAMOND MCCARTHY LLP**

*/s/ J. Gregory Taylor*
J. Gregory Taylor (SBN 19706100)
Grant Tucker (SBN 24121422)
2711 N. Haskell Ave., Suite 3100
Dallas, Texas 75204
(713) 389-5300 Telephone
gtaylor@diamondmccarthy.com
grant.tucker@diamondmccarthy.com

Allan B. Diamond (SBN 05801800)
Brian R. Hogue (SBN 24094725)
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
(713) 333-5100 Telephone
adiamond@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

*Attorneys for Defendants*
*COUNSEL TO HZ PROPERTIES &*
*MARKETING, LLC AND HYDER K. LALANI*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, with all exhibits and attachments thereto, was served on December 5, 2025 as follows. The clerk and all adverse parties in the State Court Case were served when this Notice of Removal and all exhibits and attachments were filed through on the State Court Case's docket through the electronic filing system.  In addition, counsel of record in the State Court case will be emailed a copy of the Notice of Removal and all exhibits and attachments as follows:

**The Pettit Law Firm**
c/o Julie Pettit (jpettit@pettitfirm.com)
c/o David B. Urteago (durteago@pettitfirm.com)

In addition, the adverse parties in the pending related styled *Petroleum Distribution, LLC v. HZ Investment & Properties, LLC, HZ Properties & Marketing, LLC, N&L Real Estate Ventures, LLC, and Hyder K. Lalalni*, Case No. 3:25-cv-02110-N (filed 8/8/24) (Godbey, J., presiding) will be emailed a copy of this Notice of Removal and all exhibits and attachments as follows:

**Bradley Arant Boult Cummings LLP**
c/o Sarah Q Wirskye (SBN 24007885)
c/o Bethanie Livernois (SBN 24093787
swirskye@bradley.com
blivernois@bradley.com

**Dixit Law**
c/o  Shyamie Dixit
sdixit@dixitlaw.com

By: _/s/_          *Brian R. Hogue*_____

# ATTACHMENT A

**ATTACHMENT A**

**Index of State Court Filings in Cause No. DC-25-20498**

1. Plaintiff's Original Petition filed on October 30, 2025

2. Citation issued to HZ Properties & Marketing, LLC on November 5, 2025

3. Citation issued to Hyder K. Lalani on November 5, 2025

4. Defendants' Answer to Original Petition filed on December 1, 2025

5. Return of Service on HZ Properties & Marketing, LLC filed on December 3, 2025

6. Return of Service on Hyder K. Lalani filed on December 3, 2025

# ATTACHMENT B

## Case Information

DC-25-20498 | IMPERIAL RELIANCE, LLC, et al vs. HZ PROPERTIES & MARKETING, LLC, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-25-20498 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 10/30/2025 | OTHER (CIVIL) | OPEN |

## Party

**PLAINTIFF**
IMPERIAL RELIANCE, LLC

Active Attorneys ▾
Lead Attorney
PETTIT, JULIE ANN
Retained

**PLAINTIFF**
KINGS INVESTMENT INC.

Active Attorneys ▾
Lead Attorney
PETTIT, JULIE ANN
Retained

**DEFENDANT**
HZ PROPERTIES & MARKETING, LLC

Active Attorneys ▾
Lead Attorney
TAYLOR, J. GREGORY
Retained

**DEFENDANT**
LALANI, HYDER K.

Active Attorneys ▾
Lead Attorney
TAYLOR, J. GREGORY

Retained

## Events and Hearings

10/30/2025 NEW CASE FILED (OCA) - CIVIL

10/30/2025 ORIGINAL PETITION ▾

PLAINTIFFS' ORIGINAL PETITION

10/30/2025 ISSUE CITATION ▾

ISSUE CITATION-HZ PROPERTIES & MARKETING, LLC

ISSUE CITATION-HYDER K. LALANI

11/05/2025 CITATION▾

Served
12/01/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/03/2025
Comment
HZ PROPERTIES & MARKETING, LLC

11/05/2025 CITATION▾

Served
12/01/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/03/2025
Comment
HYDER K. LALANI

12/01/2025 ORIGINAL ANSWER - GENERAL DENIAL ▾

ANSWER

12/03/2025 RETURN OF SERVICE ▾

EXECUTED CITATION - HZ PROPERTIES & MARKETING LLC

Comment
EXECUTED CITATION - HZ PROPERTIES & MARKETING LLC

12/03/2025 RETURN OF SERVICE ▾

EXECUTED CITATION - HYDER K LALANI

Comment
EXECUTED CITATION - HYDER K LALANI

## Financial

IMPERIAL RELIANCE, LLC
|  |  |
|---|---|
| Total Financial Assessment | $366.00 |
| Total Payments and Credits | $366.00 |

| Date | Description | Receipt | Party | Amount |
|---|---|---|---|---|
| 10/31/2025 | Transaction Assessment | | | $366.00 |
| 10/31/2025 | CREDIT CARD - TEXFILE (DC) | Receipt # 78738-2025-DCLK | IMPERIAL RELIANCE, LLC | ($229.00) |
| 10/31/2025 | STATE CREDIT | | | ($137.00) |

Case 3:25-cv-03349-N    Document 1    Filed 12/05/25    Page 12 of 49    PageID 12

## Documents

PLAINTIFFS' ORIGINAL PETITION

ISSUE CITATION-HZ PROPERTIES & MARKETING, LLC

ISSUE CITATION-HYDER K. LALANI

ANSWER

EXECUTED CITATION - HZ PROPERTIES & MARKETING LLC

EXECUTED CITATION - HYDER K LALANI

# ATTACHMENT C

C-1

FILED
10/30/2025 8:59 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Mychele Galimore DEPUTY

NO. _DC-25-20498_____

| | | |
|---|---|---|
| **IMPERIAL RELIANCE, LLC, AND KINGS INVESTMENTS, INC.** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **___191st__JUDICIAL DISTRICT** |
| **HZ PROPERTIES & MARKETING, LLC AND HYDER K. LALANI** | § § § § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFFS' ORIGINAL PETITION

---

Plaintiffs Imperial Reliance, LLC, ("Imperial Reliance") and Kings Investments Inc. ("Kings Investments") file this *Plaintiffs' Original Petition* against Defendants HZ Properties & Marketing, LLC ("HZ Properties") and Hyder K. Lalani.

## I.  DISCOVERY CONTROL PLAN

1.      In accordance with Texas Rule of Civil Procedure 190.3, Plaintiff requests a Level 2 discovery control plan.

## II.  PARTIES & SERVICE

2.      Plaintiff Imperial Reliance, LLC, is an Iowa limited liability company with its sole member residing in Dallas County, Texas.

3.      Plaintiff Kings Investment Inc. is a Delaware corporation with its principal place of business in Dallas County, Texas.

4.      Defendant HZ Properties & Marketing, LLC is a limited liability company formed under the laws of the state of Georgia. Defendant can be served by serving its

---

Plaintiffs' Original Petition                                                                                      Page 1

registered agent, Hyder Lalani, at 3172 Preservation Circle, Lilburn, GA 30047, or wherever he may be found.

5.     Defendant Hyder K. Lalani is an individual residing in the State of Georgia. He can be served at his residence located at 3172 Preservation Circle, Lilburn, GA 30047, or wherever he may be found.

## III. JURISDICTION & VENUE

6.     The Court has subject matter jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court.

7.     This Court has personal jurisdiction over Defendants because they contractually waived personal jurisdiction.

8.     Venue in Dallas County is proper in this case because the parties executed a valid forum selection clause.

## IV. RULE 47(c) DISCLOSURES

9.     Plaintiff seeks monetary relief over $1,000,000.

## V. FACTS

10.     HZ Properties and Lalani have engaged in corporate sabotage and egregious breaches of contract, causing Plaintiffs millions of dollars in damages.

### A. The Master Lease Agreement.

11.     This case centers around a "package" of 39 gas station properties in Georgia ("GA 39"). A third-party, Global Net Lease ("GNL"), owned the GA 39 through its subsidiaries AFN ABSPROP001, LLC ("AFN") and ARG ME19PCK001, LLC ("ARG").

12.     Plaintiff Imperial Reliance purchased the right to lease the GA 39 locations after the previous master tenant went bankrupt.

13.     Accordingly, Plaintiff Imperial Reliance entered into Master Lease Agreements with GNL (through AFN and ARG).

## B. The Sublease Agreement.

14.     On September 5, 2023, Plaintiff Imperial Reliance entered a Sublease of the GA 39 locations with Defendants HZ Properties and Lalani as sublessees. Defendant Lalani personally guaranteed the Sublease. The Sublease became effective October 1, 2023, and had a 10-year term. Kings Oil Company provided the fuel contracts. The fuel contracts were assigned to Petroleum Distribution.

15.     Under the terms of the Sublease, Defendants agreed to pay a monthly base rent equal to the sum of $423,000 plus NNN ("Triple Net"). "Triple Net" includes property tax, property insurance, and common area maintenance fees. Beginning September 1, 2024, the monthly base rental amount was to increase by two percent annually.

16.     The Sublease provides that "[n]o termination of this Lease prior to the normal ending thereof, by lapse of time or otherwise, shall affect Landlord's right to collect rent for the full term."

17.     The Sublease gave Defendants the option to purchase the GA 39 for $96,000,000 subject to certain conditions.

18.     The following chart shows the relationships between the entities after the Sublease:

Global Net Lease is the Master LL for GA 39



Imperial Reliance LLC is the Master Tenant for GA 39 and Kings Oil Company is the guarantor



HZ Properties & Marketing, LLC is the Master Subtenant for Ga 39 Sites and Hyder K Lalani guarantor



Fuel contracts under Kings Oil Company and assigned to Petroleum Distribution

### C. The Sale Agreements

19.     On July 1, 2024, GNL sent a letter of intent ("LOI") to Plaintiff Imperial Reliance, expressing an intention to sell the GA 39 to Imperial Reliance for $65,000,000. The LOI provided that "[Imperial Reliance] and [GNL] shall be bound by the terms described in this letter of intent, subject to the execution of a mutually acceptable purchase and sale agreement by the duly authorized representatives of [Imperial Reliance] and [GNL]."

20.     On July 23, 2024, Plaintiff Kings Investment sent an LOI to HZ Properties, indicating an intent to sell the GA 39 to HZ Properties for $75,000,000. This binding LOI contained a confidentiality clause, which provided: "No party will make any disclosure, written, verbal, electronic, or otherwise, regarding the existence of this Letter of Intent, the terms of the proposed transaction, or the existence or status of negotiations with respect thereto without the other part[y's] consent."

21.     On August 12, 2024, in accordance with the July 1 LOI between Imperial Reliance and GNL, Plaintiff Kings Investment—a subsidiary of Plaintiff Imperial Reliance—executed sales agreements with AFN and ARG to purchase the GA 39 locations.

22.     On August 23, 2024, in accordance with the July 23 LOI between Kings Investment and HZ Properties, Plaintiff Kings Investment executed a purchase and sale agreement with Defendant HZ Properties.

23.     On information and belief, Defendants never intended to honor their purchase and sale agreement.

---

Plaintiffs' Original Petition                                      Page 5

24.     If the sales agreements had closed as agreed, Plaintiffs would have made a profit of at least $10,000,000.

**D. HZ Properties and Lalani Stop Paying Rent.**

25.     Defendants stopped paying rent owed under the Sublease.

26.     Because Defendants failed to pay rent on the Sublease, Plaintiffs in turn could not pay rent on the Master Leases. Considering the impending sale of the GA 39 locations, however, Plaintiffs believed that this issue would be moot in due course.

27.     On April 30, 2025, Plaintiff Imperial Reliance sent a letter to HZ Properties and Lalani notifying them of the breach of the sublease. The letter informed HZ Properties that it had a current outstanding balance of $1,715,691.32. Plaintiff demanded full payment within ten days of the date of notice.

28.     Defendants failed to cure the breach.

29.     On June 5, 2025, Plaintiff Imperial Reliance sent a notice of termination to HZ Properties and Lalani, invoking Section 17(c) of the Sublease and reserving the right to pursue all remedies.

**E. HZ Properties and Lalani Sabotage the Deal between Plaintiffs and GNL.**

30.     On information and belief, HZ Properties knowingly and intentionally failed to pay rent with the purpose and effect of rendering it impossible for Plaintiffs to pay rent to GNL.

31.     As HZ Properties had intended, on May 23, 2025, GNL purported to terminate its Master Leases with Plaintiff Imperial Reliance.

**F.  HZ Properties Cuts Out Plaintiffs and Deal Directly with GNL.**

32.    In violation of the confidentiality agreement in the LOI between Plaintiff Kings Investments and HZ Marketing, HZ Marketing communicated directly with GNL about the terms of the agreement and began negotiations directly with GNL to purchase the GA 39 locations for itself—cutting out Plaintiffs.

33.    The original LOI between GNL and HZ Marketing stated "[HZ Marketing] has advised [GNL] that Kings Oil assisted in putting the parties in this letter of intent together and shall be paid a finder's fee equal to $10,000,000, to be paid by [HZ Marketing]."

34.    Ultimately, HZ Marketing purchased the GA 39 locations directly from GNL On information and belief, the purchase price was $65,000,000. Kings Oil was not paid the $10,000,000 "finder's fee," or any fee at all for that matter.

35.    On information and belief, HZ Properties made false statements (including about Plaintiffs) to GNL that caused GNL to renege on its agreements with Plaintiffs.

## VI. AGENCY AND RESPONDEAT SUPERIOR

36.    All facts alleged above, herein, and below are hereby incorporated by reference.

37.    Wherever it is alleged that Defendants did anything, or failed to do anything, it is meant that such conduct was done by Defendants' employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendants, or done with such apparent authority so as to cause Plaintiffs to reasonably rely that such conduct was within the scope of its authority.

Plaintiffs did rely to Plaintiffs' detriment on Defendants' representatives being vested with authority for their conduct. Defendants are vicariously liable for the conduct of its employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendants' affiliated entities by virtue of the doctrines of respondeat superior, apparent authority, and estoppel.

## VII.    CAUSES OF ACTION

### A. Count One: Breach of Contract.

38.    All facts alleged above, herein, and below are hereby incorporated by reference.

39.    A claim for breach of contract requires the plaintiff to prove the following elements: "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach by the defendant, and (4) damages sustained by the plaintiff as a result of the breach." *Micrah Mktg. & Mgmt. v. N.P.N. Grp., Inc.*, No. 05-24-01050-CV, 2025 Tex. App. LEXIS 5959, at *6 (Tex. App.—Dallas Aug. 8, 2025, no pet. h.).

40.    Defendants have breached multiple contracts with Plaintiffs, despite Plaintiffs' performance. Defendants failed to pay rent due under the Sublease. Defendant HZ Properties also breached the duty of confidentiality contained in the LOI between Defendant HZ Properties and Plaintiff Kings Investment.

41.    Defendants' breaches caused damages. In connection to Plaintiffs' breach of contract causes of action, Plaintiffs seek to recover both direct and consequential damages. Plaintiffs' direct and consequential damages include, alternatively or cumulatively: unpaid rent for the full, ten-year term of the sublease and/or the loss of the

$10,000,000 profit that Plaintiffs would have realized if HZ Properties had not breached the LOI's confidentiality provision.

### B. Count Two: Tortious Interference with a Contract.

42.    All facts alleged above, herein, and below are hereby incorporated by reference.

43.    "The elements of a cause of action for tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act was a proximate cause of the plaintiff's damage; and (4) actual damage or loss occurred." *Borowski v. Cowdin*, 2025 Tex. App. LEXIS 6528, at *18 (Tex. App.—Dallas Aug. 22, 2025, no pet. h.). "A knowing and intentional breach of one's contract … may be an act of tortious interference with a third party's contract if the breach has the purpose and effect of preventing the third party from performing its contract with another." *Bank One, N.A. v. Stewart*, 967 S.W.2d 419, 447-48 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

44.    Here, Plaintiffs had valid contracts with GNL (though AFN and ARG), including the Master Lease, the LOI, and the purchase and sale agreement. Defendants willfully and intentionally interfered with those agreements by knowingly and intentionally breaching their contracts and their duty of confidentiality, with the purpose and effect of preventing Plaintiffs and GNL from performing their contracts.

45.    Plaintiffs suffered the loss of $10,000,000 in profit as a direct result of Defendants' tortious interference.

## VIII.  ATTORNEYS' FEES

46.    Plaintiff has retained representation to prosecute this action and has agreed to pay its attorneys reasonable fees for necessary services. An award of attorneys' fees is authorized by Chapter 38 of the Texas Civil Practice and Remedies Code and under the plain language of the Sublease.

## IX. EXEMPLARY DAMAGES

47.    Plaintiffs are also entitled to, and hereby seek, an award of exemplary damages because Defendants' wrongful conduct was either grossly negligent, fraudulent, and/or malicious.

## X.  CONDITIONS PRECEDENT

48.    All conditions precedent to Plaintiffs' suit have occurred or have been performed.

## XI. PRAYER

Therefore, Plaintiffs respectfully pray that:

a. Defendants be cited to appear and answer;

b. Upon final hearing of this cause, the Court award to Plaintiff:

i. Actual damages;

ii. Punitive damages;

iii. Attorneys' fees; and

iv. Court costs; and

c. The Court grant any other relief to which Plaintiff may be entitled.

Respectfully Submitted,

**THE PETTIT LAW FIRM**

By: */s/ Julie Pettit*

Julie Pettit
State Bar No. 24065971
jpettit@pettitfirm.com
David B. Urteago
State Bar No. 24079493
durteago@pettitfirm.com
1900 N. Pearl, Suite 1740
Dallas, Texas 75201
Tel. (214) 329-0151
Fax. (214) 329-4076
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patricia Perkins Mayes on behalf of Julie Pettit
Bar No. 24065971
pperkins@pettitfirm.com
Envelope ID: 107465317
Filing Code Description: Original Petition
Filing Description:
Status as of 10/31/2025 2:58 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David  B.Urteago | | durteago@pettitfirm.com | 10/30/2025 8:59:59 AM | SENT |
| Julie  Pettit | | jpettit@pettitfirm.com | 10/30/2025 8:59:59 AM | SENT |
| Patricia Perkins | | pperkins@pettitfirm.com | 10/30/2025 8:59:59 AM | SENT |

**C-2**

FORM NO. 353-3 CITATION

# THE STATE OF TEXAS

**To:** HZ PROPERTIES & MARKETING, LLC
BY SERVING ITS REGISTERED AGENT HYDER LALANI
3172 PRESERVATION CIRCLE
LILBURN GA  30047

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **IMPERIAL RELIANCE, LLC; KINGS INVESTMENT INC.**

Filed in said Court  **30th day of October, 2025** against

**HZ PROPERTIES & MARKETING, LLC; HYDER K. LALANI**

For Suit, said suit being numbered **DC-25-20498,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

 WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 5th day of November, 2025**

 ATTEST: FELICIA PITRE,
 Clerk of the District Courts of Dallas County, Texas

By , Deputy
 **MEDELIN NAVARRETE**



---

**ESERVE**

# CITATION

No.: **DC-25-20498**

**IMPERIAL RELIANCE, LLC, et al**
**vs.**
**HZ PROPERTIES & MARKETING, LLC, et al**

**ISSUED**
**on this the 5th day of November, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**JULIE ANN PETTIT**
**1900 PEARL**
**SUITE 1740**
**DALLAS TX  75201-2164**
**214-329-0151**
jpettit@pettitfirm.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-25-20498

Court No.: 191st District Court

Style: IMPERIAL RELIANCE, LLC, et al
vs.
HZ PROPERTIES & MARKETING, LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:　　To certify which witness my hand.

For serving Citation　$_____　　_____

For mileage　　　　$_____　　of_____ County, _____

For Notary　　　　$_____　　By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

**C-3**

# THE STATE OF TEXAS

**ESERVE**

# CITATION

To: **HYDER K. LALANI**
**3172 PRESERVATION CIRCLE**
**LILBURN, GA 30047**

**No.: DC-25-20498**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **IMPERIAL RELIANCE, LLC; KINGS INVESTMENT INC.**

Filed in said Court **30th day of October, 2025** against

**HZ PROPERTIES & MARKETING, LLC; HYDER K. LALANI**

For Suit, said suit being numbered **DC-25-20498,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 5th day of November, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By  , Deputy
**MEDELIN NAVARRETE**



**IMPERIAL RELIANCE, LLC, et al**
**vs.**
**HZ PROPERTIES & MARKETING, LLC, et al**

**ISSUED**
**on this the 5th day of November, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**JULIE ANN PETTIT**
**1900 PEARL**
**SUITE 1740**
**DALLAS TX 75201-2164**
**214-329-0151**
jpettit@pettitfirm.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Cause No. DC-25-20498

Court No.: 191st District Court

Style: IMPERIAL RELIANCE, LLC, et al
 vs.
HZ PROPERTIES & MARKETING, LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

C-4

FILED
12/1/2025 9:50 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

## No. DC-25-20498

| | | |
|---|---|---|
| IMPERIAL RELIANCE, LLC AND KINGS INVESTMENTS, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §§§§ | |
| v. | §§§ | DALLAS COUNTY, TEXAS |
| HZ PROPERTIES & MARKETING, LLC AND HYDER K. LALANI, | §§§§ | |
| *Defendants.* | §§ | 191ST JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO ORIGINAL PETITION

Defendants HZ Properties & Marketing, LLC and Hyder K. Lalani ("Defendants") file this Original Answer to Plaintiffs' Original Petition and respectfully show the Court as follows.

### GENERAL DENIAL PURSUANT TO TEX. R. CIV. P. 92

1. Defendants deny each and every, all and singular, material allegation in Plaintiffs' Original Petition and demand strict proof by a preponderance of the evidence.

2. Defendants specifically reserve their right to amend this answer and assert such other and additional defenses, counterclaims, crossclaims, or third-party claims as may be warranted by discovery in accordance with the Texas Rules of Civil Procedure.

3. Defendants further reserve their right to file a Motion to Dismiss under Rule 91a and to seek costs, including attorneys' fees, from Plaintiffs.

### RULE 193.7 NOTICE

4. Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Defendants hereby give notice that all documents produced by Plaintiffs will be used at any pretrial proceeding or at the trial of this matter.

### AFFIRMATIVE DEFENSES

5. Defendants allege as an affirmative defense that that there was no valid or enforceable contract as alleged in the Original Petition.

6.  In the alternative, Defendants allege as an affirmative defense that Plaintiffs' prior material breaches excused Defendants' performance of any contract alleged in the Original Petition.

7.  In the alternative, Defendants allege as an affirmative defense that they performed or materially performed any contract that Plaintiffs alleged in the Original Petition.

8.  In the alternative, Defendants allege that any contract alleged in the Original Petition was unclear and ambiguous as to terms, had conflicting terms, was difficult to interpret, or was otherwise unclear such that no Defendants had no obligation to perform.

9.  In the alternative, Defendants assert that the contracts alleged in the Original Petition were modified or canceled during their performance such that Defendants had no obligations to perform.

10. In the alternative, Defendants allege that the contracts alleged in the Original Petition were impossible or impractical to perform.

11. In the alternative, Defendants allege that the Plaintiffs' own conduct constituted a waiver of Defendants' alleged obligations.

12. In the alternative, Defendants allege that Plaintiffs should be estopped from enforcing any of the contracts alleged in the Original Petition due to their own conduct and misconduct.

13. Defendants assert as an affirmative defense that tortious interference is not a viable cause of action under Texas law because Defendants are not strangers to the contracts alleged in the Original Petition.

14. Defendants assert that all conditions precedent to this action have not been satisfied.

## JURY DEMAND

15. Defendants hereby reserve their right to demand a trial by jury as allowed under the Texas Rules of Civil Procedure.

68762.2

## PRAYER

WHEREFORE, for the reasons stated herein, Defendants pray that, upon final trial and hearing hereof, Plaintiffs take nothing and that Defendants recover their costs, reasonable attorneys' fees, and expenses, and for such other and further relief to which Defendants may show themselves justly entitled, both in law and at equity.

Dated:  December 1, 2025.

**DIAMOND MCCARTHY LLP**

*/s/ J. Gregory Taylor*
J. Gregory Taylor (SBN 19706100)
Grant Tucker (SBN 24121422)
2711 N. Haskell Ave., Suite 3100
Dallas, Texas 75204
(713) 389-5300 Telephone
gtaylor@diamondmccarthy.com
grant.tucker@diamondmccarthy.com

Allan B. Diamond (SBN 17532050)
Brian Hogue (SBN 24094725)
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
(713) 333-5100 Telephone
adiamond@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

*Attorneys for Defendants*

68762.2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Defendants' Answer to Original Complaint* was served this 1st day of December 2025, via email service upon the following:

Julie Pettit
David B. Urteago
THE PETTIT LAW FIRM
1900 N. Pearl, Suite 1740
Dallas, TX 75201
jpettit@pettitfirm.com
durteago@pettitfirm.com

*Attorneys for Plaintiff*


BY:  /s/ J. Gregory Taylor
       J. Gregory Taylor

68762.2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Burrow on behalf of J. Gregory Taylor
Bar No. 19706100
cburrow@diamondmccarthy.com
Envelope ID: 108545551
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 12/1/2025 12:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patricia Perkins | | pperkins@pettitfirm.com | 12/1/2025 9:50:59 AM | SENT |
| Julie Pettit | | jpettit@pettitfirm.com | 12/1/2025 9:50:59 AM | SENT |
| David B.Urteago | | durteago@pettitfirm.com | 12/1/2025 9:50:59 AM | SENT |
| Allan Diamond | | adiamond@diamondmccarthy.com | 12/1/2025 9:50:59 AM | SENT |
| Grant Tucker | | grant.tucker@diamondmccarthy.com | 12/1/2025 9:50:59 AM | SENT |
| Brian Hogue | | brian.hogue@diamondmccarthy.com | 12/1/2025 9:50:59 AM | SENT |
| Greg Taylor | | gtaylor@diamondmccarthy.com | 12/1/2025 9:50:59 AM | SENT |

C-5

FILED
12/3/2025 7:52 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Harper Ream DEPUTY

## CAUSE NO. <u>DC-25-20498</u>

| | | |
|---|---|---|
| IMPERIAL RELIANCE, LLC AND KINGS INVESTMENTS, INC., | § § § | IN THE DISTRICT COURT |
| **Plaintiff(s),** | § | |
| vs. | § § | 191ST JUDICIAL DISTRICT |
| HZ PROPERTIES & MARKETING LLC AND HYDER K. LALANI, | § § § | |
| **Defendant(s).** | § § § | DALLAS COUNTY, TEXAS |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Friday, November 21, 2025 at 5:40 PM,**
Executed at: **3172 PRESERVATION CIRCLE, LILBURN, GA 30047**
at **4:54 PM,** on **Monday, December 1, 2025,** by delivering to the within named:

### HZ PROPERTIES & MARKETING, LLC

by personally delivering to **Registered Agent, HYDER LALANI**

a true copy of this
### CITATION and PLAINTIFFS' ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared ERICKA MCMILLON who after being duly sworn on oath states: "My name is ERICKA MCMILLON. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Georgia. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
ERICKA MCMILLON – Process Server

Subscribed and Sworn to by ERICKA MCMILLON, Before Me, the undersigned authority, on this
___2___ day of December, 2025.

_____
Notary Public in and for the State of Georgia



FORM NO. 353-3e - CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

**To:** HZ PROPERTIES & MARKETING, LLC
BY SERVING ITS REGISTERED AGENT HYDER LALANI
3172 PRESERVATION CIRCLE
LILBURN GA 30047

No.: **DC-25-20498**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

**IMPERIAL RELIANCE, LLC, et al**
**vs.**
**HZ PROPERTIES & MARKETING, LLC, et al**

**ISSUED**
**on this the 5th day of November, 2025**

Said Plaintiff being **IMPERIAL RELIANCE, LLC; KINGS INVESTMENT INC.**

Filed in said Court **30th day of October, 2025** against

**HZ PROPERTIES & MARKETING, LLC; HYDER K. LALANI**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

For Suit, said suit being numbered **DC-25-20498,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

By: **MEDELIN NAVARRETE**, Deputy

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 5th day of November, 2025**

**Attorney for Plaintiff**
**JULIE ANN PETTIT**
**1900 PEARL**
**SUITE 1740**
**DALLAS TX 75201-2164**
**214-329-0151**
jpettit@pettitfirm.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By  , Deputy
**MEDELIN NAVARRETE**

**OFFICER'S RETURN**

Cause No. DC-25-20498

Court No.: 191st District Court

Style: IMPERIAL RELIANCE, LLC, et al
 vs.
HZ PROPERTIES & MARKETING, LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED

RETURN / AFFIDAVIT
PROOF / ATTACHED

**C-6**

FILED
12/3/2025 7:52 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Harper Ream DEPUTY

CAUSE NO. <u>DC-25-20498</u>

| | | |
|---|---|---|
| IMPERIAL RELIANCE, LLC AND KINGS INVESTMENTS, INC., | §<br>§<br>§ | IN THE DISTRICT COURT |
| **Plaintiff(s),** | §<br>§ | |
| vs. | §<br>§ | 191ST JUDICIAL DISTRICT |
| | §<br>§ | |
| HZ PROPERTIES & MARKETING LLC AND HYDER K. LALANI, | §<br>§<br>§ | |
| | §<br>§ | DALLAS COUNTY, TEXAS |
| **Defendant(s).** | § | |

# RETURN OF SERVICE

Came to my hand on **Friday, November 21, 2025 at 5:40 PM,**
Executed at: **3172 PRESERVATION CIRCLE, LILBURN, GA 30047**
at **4:54 PM,** on **Monday, December 1, 2025,** by individually and personally delivering to the within named:

## HYDER K. LALANI

a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared ERICKA MCMILLON who after being duly sworn on oath states: "My name is ERICKA MCMILLON. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Georgia. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
ERICKA MCMILLON – Process Server

Subscribed and Sworn to by ERICKA MCMILLON, Before Me, the undersigned authority, on this
___ day of December, 2025.

_____
Notary Public in and for the State of Georgia



THE STATE OF TEXAS

**ESERVE**

# CITATION

To:  **HYDER K. LALANI**
**3172 PRESERVATION CIRCLE**
**LILBURN, GA 30047**

**No.: DC-25-20498**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

**IMPERIAL RELIANCE, LLC, et al**
**vs.**
**HZ PROPERTIES & MARKETING, LLC, et al**

**ISSUED**
**on this the 5th day of November, 2025**

Said Plaintiff being **IMPERIAL RELIANCE, LLC; KINGS INVESTMENT INC.**

Filed in said Court **30th day of October, 2025** against

**HZ PROPERTIES & MARKETING, LLC; HYDER K. LALANI**

For Suit, said suit being numbered **DC-25-20498,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 5th day of November, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

**Attorney for Plaintiff**
**JULIE ANN PETTIT**
**1900 PEARL**
**SUITE 1740**
**DALLAS TX  75201-2164**
**214-329-0151**
jpettit@pettitfirm.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

By  , Deputy
**MEDELIN NAVARRETE**



**OFFICER'S RETURN**

Cause No. DC-25-20498

Court No.: 191st District Court

Style: IMPERIAL RELIANCE, LLC, et al
 vs.
HZ PROPERTIES & MARKETING, LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____ County, _____ | |
| For Notary | $_____ | By_____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED

RETURN / AFFIDAVIT
PROOF / ATTACHED

# ATTACHMENT D

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

IMPERIAL RELIANCE, LLC, et al.
Plaintiff

v.

HZ PROPERTIES & MARKETING LLC et a
Defendant

Civil Action No.

## CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

HZ Properties & Marketing, LLC and Hyder K. Lalani

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

Defendants are not corporations and have no corporate parents.  Defendants will rely on Plaintiffs' disclosures about their ownership and corporate structure.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

Defendant HZ Properties & Marketing LLC is a GA limited liability company whose sole member is Defendant Hyder K. Lalani, a citizen of GA.

Defendants rely on Plaintiffs to identify those with an interest in this litigation, including their members and shareholders.

| | |
|---|---|
| Date: | December 5, 2025 |
| Signature: | /s/ J. Gregory Taylor |
| Print Name: | J. Gregory Taylor |
| Bar Number: | 19706100 |
| Address: | 2711 N. Haskell Ave., Ste. 3100 |
| City, State, Zip: | Dallas, TX 75204 |
| Telephone: | 214-389-5300 |
| Fax: | 214-389-5399 |
| E-Mail: | gtaylor@diamondmccarthy.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil => Other Documents => Certificate of Interested Persons/Disclosure Statement.