**DIAMOND MCARTHY LLP**
J. Gregory Taylor (SBN 19706100)
H. Grant Tucker (SBN 24121422)
2711 N. Haskell Ave. Ste. 3100
Dallas, Texas 75204
Phone: 214.389.5300
greg.taylor@diamondmccarthy.com
grant.tucker@diamondmccarthy.com

Allan B. Diamond (SBN 05801800)
Brian Hogue (SBN 24094725)
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: 713.333.5100
adiamond@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IMPERIAL RELIANCE, LLC AND KINGS INVESTMENTS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> HZ PROPERTIES & MARKETING, LLC, AND HYDER K. LALANI, <br><br> *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 3:25-cv-03349-N |

## REPLY IN SUPPORT OF
## DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE THIS CASE &
## <u>RELATED CASE FOR PURPOSES OF DISCOVERY ONLY</u>

Pursuant to Federal Rule of Civil Procedure 42(a)(3), Defendants HZ Properties & Marketing, LLC and Hyder K. Lalani respectfully submit this Reply in support of their opposed motion to consolidate this case with related case *Petroleum Distribution, LLC v. HZ Investment & Properties, LLC*, 3:25-cv-02110-N, also pending before this Court, for purposes of discovery only (Doc. 11) (the "Motion") and respectfully show the following:

### Introduction

1.      Plaintiffs' opposition (Doc. 14) ("Opposition") mischaracterizes the Motion as seeking broad consolidation that would impose undue burdens.  In reality, Defendants seek limited consolidation for discovery purposes only, which aligns with the Court's broad discretion under Fed. R. Civ. P. 42(a) to promote efficiency and avoid unnecessary costs.  *See IntegraNet Phys. Resource, Inc. v. Texas Indep. Providers, L.L.C.*, 945 F.3d 232, 245 (5th Cir. 2019) (noting courts' "substantial discretion in deciding whether and to what extent to consolidate cases").

2.      Plaintiffs concede common factual overlaps but exaggerate differences to argue against consolidation.  *See* Opp'n ¶¶ 6-8, 10-11.  However, the cases share defendants, interrelated business relationships, and overlapping issues regarding the 39 properties, fuel supply, and Defendants' alleged conduct.  These factual similarities are sufficient to warrant discovery consolidation.  *See Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*, No. 3:16-CV-00527-N, 2017 WL 2955366, at *11 (N.D. Tex. Feb. 17, 2017) (consolidating cases with overlapping parties and factual allegations).  Indeed, Plaintiff in the first filed case does not oppose having these cases consolidated for discovery purposes only so long as the consolidation does not otherwise limit the discovery that they are authorized to seek under the Federal Rules of Civil Procedure.

3.      Plaintiffs' informal "offer" to coordinate discovery (Opp'n ¶¶ 1, 17-19) is unenforceable and unreliable, as evidenced by their refusal to formalize it (Mot. ¶¶ 13-14).  Court ordered consolidation ensures accountability without prejudice, as no party's discovery rights are

abrogated.  *See* Fed. R. Civ. P. 42(a) (permitting orders to "avoid unnecessary cost or delay").

4.       As explained below, the Court should grant the Motion and issue an order consolidating these cases for discovery because common questions of fact and law exist between the two cases and consolidation for discovery will facilitate reaching a just resolution to both of the disputes in a cost effective and efficient manner.

## Argument

I.       The Cases Share Common Questions of Law and Fact Sufficient for Discovery Consolidation

5.       Plaintiffs argue the cases involve "completely different contracts." (Opp'n ¶¶ 3, 6-12) (citing *Peninsula Marine, Inc. v. Principle Indus. Servs., LLC*, No. 2:23-CV-00104, 2024 WL 6985876, at \*5 (S.D. Tex. Sept. 30, 2024), and *Autotronic Sys., Inc. v. HRSG, Inc.*, No. H-07-1566, 2008 WL 8053985, at \*2 (S.D. Tex. Mar. 4, 2008)).  But those cases denied full consolidation due to risks of jury confusion.  The requested discovery-only consolidation poses no such risk.  *See Ashford*, 2017 WL 2955366, at \*11 (distinguishing based on overlapping facts and law).

6.       In the matters at hand, commonalities abound: Both cases involve the same 39 properties, Defendants' alleged breaches and interference in related agreements (Commercial Lease, Purchase and Sale Agreement, Master Leases, and Fuel Supply Agreement ("FSA")), and overlapping causation questions (Opp'n ¶¶ 6-8, 11; Mot. ¶¶ 5-10).  The FSA and Commercial Lease are interconnected, as fuel supply and property leases are integral to the same business operations.  Discovery on Defendants' conduct, ownership of underground storage tanks, and property valuations will overlap significantly.  *See Wells v. Robinson Helicopter Co.*, No. 3:12-CV-564-CWR-FKB, 2013 WL 11836758, at \*2 (S.D. Miss. Mar. 15, 2013) (consolidating discovery in cases with common causation despite different claims).  Here, as in *Wells*, "[c]onsolidation of discovery in the two cases will conserve judicial resources and avoid the risk of inconsistent rulings on certain matters, such as

claims of privilege and/or confidentiality, and reduce the parties' expenses by avoiding duplicative discovery, such as duplicative depositions." *Id.* For example, if a discovery dispute requires the Court's attention, the Court's resolution of that dispute will be through an order applicable to all parties in both cases.

7. Plaintiffs mischaracterize *Ashford* (2017 WL 2955366, at *11) and *Wells* (2013 WL 11836758, at *2): *Ashford* consolidated cases with shared parties and conduct, much like here (common defendants and interrelated allegations); and *Wells* involved a single incident with common causation, analogous to the shared property and conduct disputes in present matters. Unlike *Peninsula Marine* that involved separate contracts with unrelated breaches, these cases arise from intertwined business dealings. Consolidation for discovery will streamline overlapping inquiries without confusing distinct claims. *See Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

II. Consolidation for Discovery Will Not Prejudice Plaintiffs.

8. Plaintiffs claim prejudice from participating in irrelevant depositions, reviewing extraneous documents, and addressing unrelated experts (Opp'n ¶¶ 2, 13-16). This overstates the burden as discovery-only consolidation does not require Plaintiffs to attend every deposition or review every document but only those relevant to shared issues. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to proportional matters). Courts routinely consolidate discovery in related cases without prejudice. *See Ashford*, 2017 WL 2955366, at *11 (finding "no additional risk of confusion or prejudice").

9. Any potential burden is minimal and vastly outweighed by efficiencies: Coordinated discovery avoids duplicative depositions of common witnesses (e.g., Defendants and third parties

tied to the properties) and redundant productions. Plaintiffs' case is not "straightforward" (Opp'n ¶ 2), it involves tortious interference with Master Leases and a Purchase Agreement linked to the FSA disputes (Opp'n ¶ 6). Without consolidation, Defendants face increased costs defending parallel actions, contrary to Rule 42(a)'s goals. *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (affirming consolidation to promote efficiency); *see also Bayati v. GWG Holdings, Inc.*, 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023) (explaining that, where two actions "[made] nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "promote[d] judicial efficiency").

10. Plaintiffs' speculation about expert disputes (Opp'n ¶ 15) is unfounded; experts can be limited to case-specific issues. Consolidation ensures fair, efficient discovery, not added expense.

III. Plaintiffs' Informal Offer to Coordinate is Insufficient.

11. Plaintiffs tout their "reasonable" offer for informal coordination and a cross-use agreement (Opp'n ¶¶ 1, 17-19), but refuse a court order (Mot. ¶¶ 13-14). This undermines reliability as informal agreements lack enforceability which risks disputes over scheduling, cross-use, or compliance. *See* Local R. 7.1 (requiring motions for court oversight). A court order provides a reasonable and effective structure without "locking" parties in, rather it preserves flexibility while ensuring cooperation. *See* Fed. R. Civ. P. 42(a)(3) (authorizing "any other orders" for efficiency).

12. Plaintiffs' position rewards gamesmanship: They agree to the substance but oppose formalization to retain leverage. The Court should reject this and grant consolidation to achieve the efficiencies all parties ostensibly seek.

### Conclusion

WHEREFORE, the Defendants respectfully request that the Court grant the Motion and consolidate this action with Civil Action No. 3:25-cv-02110-N for discovery purposes only and enter an order substantially in form and substance as the one proposed with the Motion (Doc. 11).

Submitted this 17th day of February 2026

**DIAMOND MCCARTHY LLP**

By: */s/ J. Gregory Taylor*
J. Gregory Taylor
Texas State Bar No. 19706100
greg.taylor@diamondmccarthy.com
H. Grant Tucker
Texas State Bar No. 24121422
grant.tucker@diamondmccarthy.com
2711 N. Haskell Ave. Ste. 3100
Dallas, Texas 75204
(214) 389-5300 (Telephone)

Allan B. Diamond
Texas State Bar No. 05801800
adiamond@diamondmccarthy.com
Brian R. Hogue
Texas State Bar No. 24094725
brian.hogue@diamondmccarthy.com
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
(713) 333-5100 (Telephone)

ATTORNEYS FOR DEFENDANTS
HZ INVESTMENT & PROPERTIES, LLC,
HZ PROPERTIES & MARKETING, LLC,
N&L REAL ESTATE VENTURES, LLC,
AND HYDER K. LALANI

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I caused the foregoing pleading to be filed with the Court and thereby served to all parties registered to receive electronic notice via the Court's CM/ECF noticing system.

*/s/ J. Gregory Taylor*